IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOE ROBERT PATRON, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:09-CV-082-Y |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. §636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

**A. NATURE OF THE CASE**

This is a petition brought under the All Writs Act entitled "Petitioner's Common Law Writ of Audita Querela, Pursuant to the All Write [sic] Act, 28 U.S.C. § 1651(a)."

**B. PARTIES**

Petitioner, Joe Robert Patron, TDCJ-ID #1176158, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Huntsville, Texas.

Respondent, Nathaniel Quarterman, is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division. No service has issued upon Respondent.

## C. PROCEDURAL HISTORY

Patron is serving a life sentence on his state court conviction for aggravated sexual assault of a child in Case No. 0859378R out of Tarrant County, Texas. Patron has filed two previous petitions for federal habeas corpus relief in this Court: the first was voluntarily dismissed at Patron's request, and the second was dismissed as time-barred. *See Patron v. Quarterman*, Civil Action Nos. 4:06-CV-724-A & 4:08-CV-060-Y. Patron now seeks relief from his conviction and sentence in this petition under 28 U.S.C. § 1651(a).

## D. DISCUSSION

This Court has the duty to assure that it has jurisdiction over the matters before it and may raise a jurisdictional issue sua sponte at any time. *See Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999); *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). Federal Rule of Civil Procedure 12(h)(3) requires that federal courts dismiss an action whenever it appears by suggestion of the parties or otherwise that the Court lacks jurisdiction over the subject matter. FED. R. CIV. P. 12(h)(3).

The All Writs Act, 28 U.S.C. § 1651, is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses a particular issue, it is that authority, and not the All Writs Act, that is controlling. *Carlisle v. United States,* 517 U.S. 416, 429 (1996). Here, the primary means for challenging the fact or duration of incarceration as a result of a state court conviction is by filing a habeas corpus petition pursuant to 28 U.S.C. § 2254. Therefore, the All Writs Act is not applicable to this civil action, and Patron may not seek relief

through a writ of audita querela.[1] Because the All Writs Act does not create an independent basis of jurisdiction, the Court is without subject matter jurisdiction to consider Patron's writ of audita querela. *See Renteria-Gonzalez v. INS,* 322 F.3d 804, 811 (5th Cir. 2002); *Faith Home Health Services, Inc. v. Shalala,* 166 F.3d 341 (5th Cir. 1998) (citing *Brittingham v. United States Comm'r of Internal Revenue,* 451 F.2d 315, 317 (5th Cir. 1971)).

## II. RECOMMENDATION

It is recommended that the petition be dismissed for lack of subject matter jurisdiction.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until April 1, 2009. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the

---

[1] The Fifth Circuit, among other federal courts, has expressed doubts whether the common law writ of audita guerela–which existed to allow an attack on a criminal conviction on equitable grounds–still exists. *See United States v. Reyes*, 945 F.2d 862, 865 (5th Cir. 1991).

United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until April 1, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED March 11, 2009.

             /s/ Charles Bleil
             CHARLES BLEIL
             UNITED STATES MAGISTRATE JUDGE